# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06 CV 279

| | |
|---|---|
| HILDA B. JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLINAS HEALTHCARE )<br>SYSTEM, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion to issue subpoenas" (Document No. 20), filed January 8, 2007, "Motion/Memorandum to be excused from Deposition" (Document No. 20-2), filed January 8, 2007, and "Motion for Subpoena" (Document No. 25) filed January 16, 2007, as well as Defendants' "...Motion for Involuntary Dismissal and Discovery Sanctions" (Document No. 28), filed January 30, 2007, and "...Motion for an Extension of the Discovery and Mediation Deadlines" (Document No. 38), filed February 12, 2007.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and in the interest of the Court's resources and efficient communication to the parties, the Court is prepared to dispose of each of these pending motions in this order. Specifically, having carefully considered the arguments, the record, and applicable authority, the undersigned will: <u>deny</u> Document Nos. 20, 20-2, 25, and 28, and will <u>grant</u> Document No. 38. The Court will address each motion in turn below.

Plaintiff's "Motion to issues subpoenas"(Document No. 20) and "Motion for Subpoena" (Document No. 25) are not properly before the undersigned. Plaintiff should consult Fed.R.Civ.P.

45 and seek a form from the Clerk of Court's office to complete and serve subpoenas pursuant to the requirements of Rule 45. These motions will therefore be denied.

Although styled as a "Memorandum," Plaintiff has attached a motion to Document No. 20 moving the Court to excuse her from "the Deposition part of the Discovery Plan" (Document No. 20-2 ). As an initial matter, since this appears to be a separate motion, it should have been filed as such, and in accordance with Local Rule 7.1 should have shown "that counsel have met and attempted in good faith to resolve areas of disagreement and should [have] set forth which issues remain unresolved." The Court recognizes Plaintiff is pro se; however, Plaintiff is still required to follow the rules. Fed.R.Civ.P. 30(a)(1) clearly allows that "[a] Party may take the testimony of any person, including a party, by deposition upon oral examination...." Defendant has stated a clear and unequivocal desire to depose the Plaintiff in this matter and has gone to great lengths to give notice and find a mutually convenient time. Plaintiff must submit herself for a deposition. This motion will therefore be denied.

The undersigned finds "Defendants' Motion for Involuntary Dismissal and Discovery Sanctions" (Document No. 28) compelling, but in light of Plaintiff's pro se status declines to issue a dismissal or sanctions at this point in the litigation. However, Plaintiff's pursuit of her lawsuit to date has been at best erratic and arguably dilatory. While this motion will be denied, any further delay by the Plaintiff could lead to sanctions that may include a requirement to pay Defendant's costs, including reasonable attorney's fees, and could include the dismissal of this lawsuit with prejudice.

Federal Rule of Civil Procedure 37(b)(2) states:

If a party ... fails to obey an order to provide or permit discovery ... the court in which

the action is pending may make such orders in regard to the failure as are just, and among others ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In addition, Federal Rule of Civil Procedure 41(b) allows:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant ... a dismissal under this subdivision ... operates as an adjudication on the merits.

The Fourth Circuit "has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); see also, Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir.1993) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Finally, Defendants have made a "...Motion for Extension of the Discovery and Mediation Deadlines" (Document No. 38). Considering the recent history of this case, the undersigned finds extensions to be appropriate and will grant the motion with modification.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motions to issue subpoenas (Document Nos. 20 and 25) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion/Memorandum to be excused from Deposition"(Document No. 20-2) is **DENIED**.

**IT IS FURTHER ORDERED** that "Defendants' Motion for Involuntary Dismissal and Discovery Sanctions" (Document No. 28) is **DENIED WITHOUT PREJUDICE** to refile at a later date if necessary.

**IT IS FURTHER ORDERED** that "Defendants' Motion for an Extension of the Discovery and Mediation Deadlines" is **GRANTED** as follows:

1) the parties shall immediately confer and set a date, time, and location for the Plaintiff's deposition to be taken, in person, in Charlotte, North Carolina, on or before **March 15, 2007;**

2) the parties shall have until **April 15, 2007** to complete discovery;

3) the new mediation deadline will be **April 30, 2007**;

4) the new motions deadline will be **May 15, 2007**.

Signed: February 16, 2007

David C. Keesler
United States Magistrate Judge